**FILED**

SEP 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HUI WANG,

            Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

            Respondent.

No.   20-70818

Agency No. A205-179-616

ORDER

Before:  WARDLAW and GOULD, Circuit Judges, and DONATO,[*] District Judge.

     The Petition for Panel Rehearing filed August 20, 2021 is **DENIED**.  The Motion to Amend the disposition filed August 20, 2021 is **GRANTED**.  An amended disposition is filed concurrently with this order.  No future petitions for rehearing or rehearing en banc will be entertained.

---

     [*]    The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUI WANG, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 20-70818 Agency No. A205-179-616 AMENDED MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 6, 2021
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and DONATO,** District Judge.

Hui Wang, a native and citizen of the People's Republic of China, petitions for review on behalf of herself, her husband, and her minor son (collectively, "Petitioners"). Petitioners were admitted to the United States in January 2012 as

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

nonimmigrant visitors. The family was authorized to stay in the United States until July 2012. Ms. Wang filed an application for asylum, withholding of removal, and CAT protection, with Mr. Wang and her son as derivative beneficiaries. In May 2012, an asylum officer interviewed Ms. Wang. Her application was denied and referred to an immigration judge ("IJ").

In February 2013, the Department of Homeland Security ("DHS") served Petitioners with a Notice to Appear ("NTA"), alleging Petitioners, without authorization, stayed in the United States beyond July 27, 2012. The DHS charged Petitioners as subject to removal pursuant to section 237(a)(1)(B) of the INA, 8 U.S.C. § 1227(a)(1)(B) (2012), as aliens who remained in the United States for a period longer than permitted.

Following hearings before the IJ, the IJ denied Petitioners' application. On appeal, the BIA affirmed the decision of the IJ. The present appeal followed.

We grant the petition for review because substantial evidence does not support the agency's conclusion that Ms. Wang did not sufficiently corroborate her claim to establish eligibility for asylum.

When "the BIA adopts the decision of the IJ and affirms without opinion, we review the decision of the IJ as the final agency determination." *Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir. 2005) (citing 8 C.F.R. § 1003.1(e)(4)). We review factual findings, including adverse credibility determinations and

2

determinations regarding the availability of corroborating evidence, for substantial evidence. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). And we review de novo questions of law. *Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009).

When an IJ finds an alien's testimony credible, like in this case, the IJ may nevertheless require the alien to provide corroborating evidence to satisfy her burden of proof under the REAL ID Act. *See Ren v. Holder*, 648 F.3d 1079, 1090–91 (9th Cir. 2011) (citing 8 U.S.C. § 1158(b)(1)(B)(ii)). When an IJ requires corroborative evidence to meet the applicant's burden of proof, the IJ "must give the applicant notice of the corroboration that is required and an opportunity either to produce the requisite corroborative evidence or to explain why that evidence is not reasonably available." *Bhattarai v. Lynch*, 835 F.3d 1037, 1043 (9th Cir. 2016) (citation omitted).

The agency improperly denied Ms. Wang's asylum claim. She produced much of the requested corroboration of her claims of past harm and explained why the remaining evidence requested by the IJ was not reasonably available. The agency required Ms. Wang to provide medical documentation corroborating her claim that she was forced to have an abortion, and evidence establishing she had an internship with an employer who reported her pregnancy to government officials. In support of her forced abortion claim, Ms. Wang provided: (1) the Certificate of Diagnosis; (2) an affidavit from her mother; and (3) an affidavit from her father.

Ms. Wang provided most of the corroborating documents requested by the IJ and provided appropriate explanations for why the remaining requested corroborating evidence was not available. *Bhattarai* 835 F.3d at 1043. For these reasons, substantial evidence does not support the IJ's conclusion that Ms. Wang failed to corroborate her claims.

First, substantial evidence does not support the IJ's decision to discredit the Certificate of Diagnosis or its determination that other medical records from China were reasonably available. The agency did not explain why the fact that the Certificate of Diagnosis was issued ten years after Ms. Wang's abortion meant that it was unreliable. Ms. Wang could properly satisfy her burden of proof by providing circumstantial evidence through the Certificate of Diagnosis. *See e.g.*, *Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005). We can find no precedent that required her to produce evidence contemporaneous with the harm she suffered. Furthermore, Ms. Wang's testimony and her father's affidavit both stated that to obtain more detailed medical records Ms. Wang would have had to request a copy in person, in China, making the requested documents not reasonably available. *Bhattarai* 835 F.3d at 1043.

Second, the IJ improperly deemed the affidavit from Ms. Wang's father not credible. It was unreasonable to expect the affidavit to be notarized considering it would have to be notarized by the same Chinese government that Ms. Wang alleges

forced her to have an abortion. The IJ also improperly afforded Ms. Wang's mother's affidavit little weight. It was unreasonable to expect Ms. Wang's mother to testify rather than submit an affidavit, because the IJ asked only for the affidavit, not the mother's testimony. Finally, Ms. Wang submitted her school diploma, and provided an explanation for why she was unable to provide the requested transcript or other corroborative evidence regarding her internship: all such documentation had been returned to the school.

Ms. Wang was deemed credible in her testimony. She also provided sufficient corroborating documentary evidence of her persecution. The IJ's conclusion to the contrary is not supported by substantial evidence.

**PETITION FOR REVIEW GRANTED. THIS CASE IS REMANDED TO THE BIA FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS MEMORANDUM.**